**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ERIC B.,

       Plaintiff,

   v.

FRANK J. BISIGNANO,
*Commissioner of Social Security*,

       Defendant.

Case No. 24-cv-2648-MJS

## <u>MEMORANDUM OPINION AND ORDER</u>

This Social Security case is before the Court on a motion for attorney's fees pursuant to 42

U.S.C. § 406(b). For the reasons that follow, the Court **GRANTS** the motion (ECF No. 16).

## BACKGROUND

After sustaining a traumatic brain injury, Plaintiff Eric B. applied for benefits with the

Social Security Administration ("SSA") in July 2021. Through several rounds of hearings and

appeals, SSA ultimately denied his requested benefits, at which point Plaintiff then sought review

in federal court. (ECF No. 1.) Represented by counsel, he filed a motion for judgment of reversal

(ECF No. 6), and before the Commissioner's deadline to respond, the parties jointly agreed to

remand for further proceedings and a new decision. (ECF Nos. 11, 12.) On remand, SSA convened

a supplemental hearing, and Plaintiff ultimately received a fully favorable decision on his claim

for benefits, with eligibility dating back to September 2021. (*See* ECF No. 16-2.)

In July 2025, the parties stipulated to—and the Court awarded—$6,039.68 in fees to

Plaintiff under the Equal Access to Justice Act ("EAJA"). (ECF Nos. 14, 15.) Now, following the

favorable decision on remand, Plaintiff's counsel seeks additional fees under 42 U.S.C. § 406(b)

in the net amount of $18,960.32—*i.e.*, $25,000.00 minus the $6,039.69 that the Court previously awarded under EAJA. (ECF No. 16.) The Commissioner filed a response indicating that he "neither supports nor opposes counsel's request for attorney fees." (ECF No. 17.)

## DISCUSSION

Under the Social Security Act, courts may award attorneys who successfully represent claimants in court "a reasonable fee for such representation, not in excess of 25 percent of ... past-due benefits." 42 U.S.C. § 406(b)(1)(A). "Past-due benefits" are those "that accrued before the favorable decision" in the case, *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019), and any fees awarded under Section 406(b) are payable directly out of a claimant's benefits, *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). In the Supreme Court's words, Section 406(b) is designed to "control, not to displace, fee agreements between Social Security benefits claimants and their counsel." *Id.* at 793. In this way, the statute requires courts to review "such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807.

Where a contingent-fee arrangement falls within the statutory limitations, the court assesses an award's reasonableness based on the particulars of the case. *Buljina v. Astrue*, 828 F. Supp. 2d 109, 114 (D.D.C. 2011). In doing so, courts consider the following factors: "(1) quality of representation; (2) whether the attorney delayed the case to allow the benefits to accrue over a longer period; (3) whether there was a risk of loss; (4) the difficulty of the case; and (5) the size of the compensation relative to the time spent on the case." *Shaderock v. Colvin*, 220 F. Supp. 3d 47, 49 (D.D.C. 2016). Applying these principles here, the Court finds the requested award reasonable.

For starters, the fee agreement between Plaintiff and his counsel properly caps any contingency fees at 25% of a past-due benefits award. (*See* ECF No. 16-3.) Notably, SSA is withholding $35,106.73 in benefits for purposes of a potential fee award—representing 25% of

2

the past-due benefits awarded to Plaintiff—and Plaintiff's counsel seeks a gross fee amount of $25,000, which amounts to less than 72% of those withheld benefits. So far, so good.

Application of the various reasonableness factors supports the requested award, too. For one, there is nothing in the record to suggest any sort of insufficient or subpar representation. To the contrary, Plaintiff's counsel obtained a good result in an efficient and effective manner, expending just a couple dozen hours of lawyer time at the federal-court level. (ECF No. 16 ¶ 11; *see also* ECF No. 16-4.) And then on remand, Plaintiff received a favorable decision and was awarded past-due benefits spanning a nearly five-year period—at a value totaling more than $140,000—reflecting an outcome that "is precisely the type of result plaintiffs seek and that a contingent-fee arrangement makes available to previously unsuccessful plaintiffs." *Shaderock*, 220 F. Supp. 3d at 49. Next, there is no indication of any sort of tactical delay here; counsel promptly filed this motion after the favorable ruling from SSA. More, this case's history at the administrative level reflects the potential difficulty and risk of loss. After all, in September 2024, when Plaintiff's counsel took on this representation, Plaintiff had received multiple unfavorable rulings from SSA, reflecting a risk that counsel might ultimately receive no payment at all. And last, counsel's requested fee is not so disproportionate to the time spent on the case as to warrant denial or reduction. Based on the hours submitted, a total award of $25,000 breaks out to an equivalent rate of approximately $1,037 per hour. Plaintiff's counsel has practiced for 39 years with substantial experience in disability law and social security appeals specifically. (ECF No. 16. ¶ 11.) These factors, coupled with the risks associated with contingency-based representation, confirm that the requested award is not excessive. *See, e.g.*, *Byas v. O'Malley*, 2024 WL 4520094, at *1 (D.S.C. Sept. 12, 2024) (collecting cases awarding fees under Section 406(b) that represented effective hourly rates at or near $1,000); *cf. Buljina*, 828 F. Supp. 2d at 115 ("[C]alculation of the

hourly rate must not provide the sole basis for adjudicating a petition for attorney's fees when the attorney is retained on a contingency basis.").

That leaves the logistical question of how to implement the fee payment and accompanying refund, *i.e.*, whether to: (1) direct that SSA pay counsel the total amount of $25,000 and then require counsel to refund the prior (and smaller) EAJA fee award directly to Plaintiff, *see Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee" (cleaned up)), or (2) reduce the Section 406(b) fees by the value of the prior EAJA award, such that counsel will be awarded only the net amount and the difference will be disbursed to Plaintiff by SSA, *see, e.g.*, *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1273 (11th Cir. 2010) ("[N]othing in the [statutory framework] forecloses an attorney from effecting the refund by reducing his § 406(b) fee request."). Plaintiff's counsel urges the latter approach, while the Commissioner takes no position.

On balance, the Court believes it reasonable—and certainly more practical—to follow the second path and authorize a net award under Section 406(b). The upshot is that Plaintiff will receive the value of the prior EAJA fee award when SSA disburses the remaining withholdings to him; it simply skips a step of routing that money through Plaintiff's counsel, only to be sent along to Plaintiff in the form of a refund. Plenty of other courts have taken this tack in similar circumstances, and this Court sees no reason not to follow suit. *See, e.g.*, *Smith v. Colvin*, 214 F. Supp. 3d 14, 19 (D.D.C. 2016) (directly awarding counsel the difference between the SSA award and prior EAJA award); *Karen O. v. Comm'r of Soc. Sec.*, 731 F. Supp. 3d 926, 937 n.16 (S.D. Ohio 2024) (same); *Widmer v. Kijakazi*, 668 F. Supp. 3d 446, 447–48 (E.D. Va. 2023) (same).

## CONCLUSION

For the reasons explained, the Court **GRANTS** the motion. The Court approves as reasonable Plaintiff's counsel's total requested fee award of $25,000 under 28 U.S.C. § 406(b). To account for the prior award of fees under EAJA—and to effectuate the equivalent of an EAJA refund to Plaintiff—SSA shall disburse to Plaintiff's counsel only a net fee award of $18,960.32.

**SO ORDERED.**

Dated: May 22, 2026

MATTHEW J. SHARBAUGH
United States Magistrate Judge

5